1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11   TROY LYNN STEBBINS,                    Case No. 2:21-cv-01220-GMN-EJY

12              Petitioner,                 **ORDER**

13        v.

14   SHERIFF JOE LOMBARDO,

15              Respondents.

16

17   **I.      Introduction**

18          Petitioner Troy Lynn Stebbins has filed an application to proceed in forma pauperis (ECF

19   No. 1) and a petition for a writ of habeas corpus.  Stebbins has used the form for a petition under

20   28 U.S.C. § 2241, but he appears to challenge the validity of a guilty plea in state court.  If true,

21   then the petition actually is under 28 U.S.C. § 2254.  Either way, the court has reviewed the

22   petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District

23   Courts.  See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

24   The application and the petition contain multiple defects, and the court dismisses the action.

25   **II.     Procedural History**

26          The court takes judicial notice of the on-line docket of the Eighth Judicial District Court

27   of the State of Nevada, Case No. C-21-355217-1.[1]  On April 16, 2021, Stebbins pleaded guilty to

28   ---
     [1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=12123159 (report generated June 30,

count 1, attempted lewdness with a child under the age of 14, and count 2, indecent exposure in the presence of a child or vulnerable person. On June 10, 2021, the state district court convicted Stebbins. For count 1, the state district court imposed a prison sentence with a minimum term of 96 months and a maximum term of 240 months. For count 2, the state district court imposed a prison sentence with a minimum term of 19 months and a maximum term of 48 months, consecutive to count 1. The total aggregate sentence is a minimum term of 115 months and a maximum term of 288 months.

On June 17, 2021, Stebbins signed his application to proceed in forma pauperis. ECF No. 1 at 5. The court received his application and petition on June 28, 2021.

## III. Discussion

### A. The Application To Proceed In Forma Pauperis Is Incomplete

The incomplete application to proceed in forma pauperis is one reason for dismissing this action. Stebbins did not pay the $5.00 filing fee, nor did he submit an application to proceed in forma pauperis with a financial certificate and a copy of his inmate account statement, as required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2. Petitioner will need to commence a new action with either payment of the $5.00 filing fee or filing a complete application to proceed in forma pauperis. A preliminary review of the petition indicates that a promptly commenced new action would not suffer any difficulties under the one-year time limit of 28 U.S.C. § 2244(d)(1).

### B. Stebbins Did Not Use the Correct Form

Stebbins used the form for a petition under 28 U.S.C. § 2241. He has been convicted in state court, and thus the governing provision is 28 U.S.C. § 2254. If the court were not dismissing this action for other reasons, Stebbins would have needed to file an amended petition on the court's § 2254 petition form.

### C. Stebbins Did Not Sign and Verify the Petition

Stebbins did not sign the petition under penalty of perjury, as required by Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts. If the court were

---

2021).

not dismissing this action for other reasons, Stebbins would have needed to file a signed and verified amended petition.

### D.     The Sole Claim Is Too Vague

Stebbins' sole claim for relief is, in full but with corrections, "I am sentenced to 8 years for something that didn't happen.  I want to plead not guilty but Speed said no.  He was wrong.  I still want to plead not guilty."  ECF No. 1-1 at 2.  "Speed" is Stebbins's trial counsel, Kevin Speed. This claim is far too vague to warrant relief.  If the court were not dismissing this action for other reasons, Stebbins would have needed to file an amended petition that alleged all of his claims for relief and all of the facts in support of the claims.  See Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts.

### E.     Stebbins Has Not Exhausted His State-Court Remedies

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

To the best of the court's knowledge, as of June 30, 2021, Stebbins has not yet appealed, he has not presented his claims to the Nevada Supreme Court in any other manner, and the state district court has not yet entered a written judgment of conviction.  Stebbins' judgment of conviction thus is not final.  He must wait the outcome of the appeal from the judgment of conviction before the court can consider any of his claims to be exhausted.  See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).  The one-year time limit to file a federal habeas corpus petition under 28 U.S.C. § 2244(d)(1)(A) has not yet commenced, so Stebbins would have no reason to worry about time running out before he can file a federal habeas corpus petition with all grounds exhausted in the state courts.  The court is obliged to dismiss the action.

**F.     The Court Will Not Issue a Certificate of Appealability**

Reasonable jurists would not find the court's conclusions to be debatable or wrong.  The court will not issue a certificate of appealability.

**IV.     Conclusion**

IT THEREFORE IS ORDERED that the application to proceed in forma pauperis (ECF No. 1) is **DENIED**.

IT FURTHER IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus, currently in the docket at ECF No. 1-1.

IT FURTHER IS ORDERED that this action is **DISMISSED** without prejudice for failure to file a complete application to proceed in forma pauperis and for failure to exhaust the available state-court remedies.  The clerk of the court is directed to enter judgment accordingly and to close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED:  June 30, 2021

_____
GLORIA M. NAVARRO
United States District Judge